UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD GORDON JANKO,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  20-cv-0669-BLM<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO REVERSE AND REMAND THE ALJ'S DECISION AND AFFIRMING THE DECISION OF THE COMMISSIONER**<br><br>**[ECF No. 14]** |

Plaintiff Chad Gordon Janko ("Plaintiff") brought this action for judicial review of the Social Security Commissioner's ("Defendant" or "Commissioner") denial of his claim for disability insurance benefits. See ECF No. 1. Before the Court are Plaintiff's Opening Brief [ECF No. 14], Defendant's Opposition to Plaintiff's Brief [ECF No. 15], and Plaintiff's Reply Brief [ECF No. 18]. After careful consideration of the pleadings and supporting documents, the Court **DENIES** Plaintiff's request to reverse the ALJ's decision and **AFFIRMS** the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on February 8, 2017, alleging disability commencing November 1, 2014. Administrative Record ("AR") at 161. The claim was denied initially on April 18, 2017, and upon reconsideration on July 31, 2017, resulting in Plaintiff's request for an administrative hearing on August 23, 2017. Id.

On December 3, 2018, a hearing was held by Administrative Law Judge ("ALJ") Randolph Schum. Id. at 176-207. Plaintiff and an impartial vocational expert ("VE") testified at the hearing. Id. On February 7, 2019, ALJ Schum issued a written order finding Plaintiff was not disabled because he was capable of performing his past relevant work as an investment analyst. Id. at 161-170. The ALJ's decision became the final decision of the Commissioner on February 18, 2020, when the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

## ALJ's DECISION

Initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period (since November 1, 2014). Id. at 163. At step two, he considered all of Plaintiff's medical impairments and determined that the following impairments were "severe" as defined in the regulations: "degenerative changes of the lumbar spine, a history of migraine headaches, non-specific myelopathies and sensory neuropathies with a history of Lyme disease, and a seizure disorder (20 CFR 404.1520(d))." Id. At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments. Id. at 165. At step four, the ALJ considered Plaintiff's impairments and determined that his residual functional capacity ("RFC") permitted him

> to perform the full range of light work as defined in 20 CFR 404.1567(b) ((lift and carry ten pounds frequently and 20 pounds occasionally; sit for six hours in an eight-hour workday and stand/walk for six hours each in an eight-hour workday. He should not climb ladders, ropes, and scaffolds, but could occasionally climb ramps and stairs. He should avoid concentrated exposure to extreme cold and heat, loud noise, and pulmonary irritants such as fumes, odors, dust, and gases, and all exposure to unprotected heights and moving and dangerous machinery.

Id. at 165. The ALJ presented two hypotheticals to the VE who opined that a person with the identified limitations could perform Plaintiff's past relevant work. Id. at 204-05. ALJ Schum determined that Plaintiff was not disabled because Plaintiff's RFC permitted him to perform "past relevant work as an investment analyst." Id. at 169.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Miner v. Berryhill, 722 Fed. Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). In steps one through four of the sequential analysis, the burden is on the claimant to demonstrate a severe impairment and an inability to perform past work. At step five, if there has not yet been a determination, the burden shifts to the Commissioner to demonstrate the claimant is not disabled. See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance." Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record. Id.; see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Laursen v. Barnhart, 127 Fed. Appx. 311, 312 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Ahearn, 988 F.3d at 1115 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Tanielu v. Saul, 839 Fed. Appx. 193, 194 (9th Cir. 2021) (citing Ahearn, 988 F.3d at 1115 ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's

decision was not supported by substantial evidence in the record as a whole")).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Miner, 722 Fed. Appx. at 633. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

## DISCUSSION

### I. Whether there is Substantial Evidence Supporting the ALJ's RFC Determination

Plaintiff argues the "ALJ erred in failing to include the mild mental limitations that he assessed in the residual functional capacity assessment and in the hypothetical to the vocational expert." ECF No. 14. at 5. Plaintiff explains that the ALJ "found mild limitations in social functioning and mild limitations in concentration, persisting and maintaining pace" and "erred in failing to include the mild mental limitations" in the RFC assessment. Id. at 6 (citing AR 165, 230).

Defendant argues that the ALJ did not err and that his decision is supported by substantial evidence in the record. ECF No. 15 at 6-8. Initially, Defendant states that the ALJ properly determined that Plaintiff's mild mental limitations did not need to be included in the RFC because "they stemmed from Plaintiff's use (and discontinuance) of medication prescribed for seizures (Klonopin)" rather than from "any medically determinable impairment." Id. at 6. Second, Defendant asserts that the "ALJ identified substantial evidence in the record that supported his finding that the record did not establish mental limitations that would significantly impair Plaintiff's ability to work." Id.

In his reply, Plaintiff states that the ALJ found that Plaintiff "suffered from the medically determinable impairments of depression and a mood disorder" and that as a result, Plaintiff "suffered mild mental limitations in interacting with others and concentration persistence and pace." ECF No. 18 at 3. Plaintiff argues that "[s]ince [Plaintiff's] past relevant work was the highest level of skill contained in the Dictionary of Occupational Titles and this job also requires

intense interaction with others even mild limitations could prevent [Plaintiff] from returning to his past relevant work." Id. at 3-4.

   A.   Relevant Law

"The ALJ assesses a claimant's RFC 'based on all the relevant evidence in [the] case record." Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017); see also Khal v. Berryhill, 690 Fed.Appx 499, 502 (9th Cir. 2017) (same). An ALJ must consider the limiting effects of all impairments, including those which are non-severe, in determining RFC. Medlock v. Colvin, No. CV 15-9606-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016). However, consideration does not require the inclusion of every impairment in the final RFC if the record indicates "the non-severe impairment does not cause a significant limitation in the claimant's ability to work." Kendall v. Saul, 2021 WL 736268, at *13 (E.D. Cal. Feb. 25, 2021) (citation and quotation omitted); see also Koshak v. Berryhill, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018) (same); Banks v. Berryhill, 2018 WL 163127, at *4 (C.D. Cal. Apr. 2, 2018) (same). "So long as the ALJ 'actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error.'" Kendall, 2021 WL 73628, at *13 (E.D. Cal. Feb. 25, 2021) (citation and quotation omitted); see also McIntosh v. Berryhill, 2018 WL 3218105, at *4 (C.D. Cal. June 29, 2018) (because the ALJ concluded that a mental impairment caused no more than minimal restrictions, there was no requirement to include it in the claimant's RFC).

   B.   Analysis

   Initially, the Court notes that Plaintiff's argument misstates the ALJ's findings. While Plaintiff correctly states that the ALJ found that Plaintiff had "medically determinable mental impairments of depression and a mood disorder", Plaintiff ignored the rest of the ALJ's statement which was that these impairments "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and therefore are nonsevere." AR at 164. Similarly, while the ALJ did find that Plaintiff had a mild limitation in interacting with others and in concentration, persistence, and pace, the ALJ did so with respect to the determinations at steps 2 and 3, not the determination at step 4. Id. at 164-

65. The ALJ conducted a detailed analysis of the paragraph B criteria and determined that Plaintiff had no or mild limitations on all four criteria and that, as a result, the mental impairments were non-severe. Id. At step 4, the ALJ determined that there were no mental limitations required for the RFC. Id. at 165. As a result, the ALJ did not commit a legal error or apply an improper legal standard.

There also is substantial evidence in the record supporting the ALJ's decision that Plaintiff's RFC did not include any mental limitations. First, the medical opinion evidence supports the ALJ's decision. Plaintiff does not identify any doctor who opined that Plaintiff has mental impairments that impact his ability to work. ECF Nos. 14 & 18. Rather, Plaintiff merely speculates that the identified mild limitations *could* impact his ability to work as a stockbroker. ECF No. 14 at 6-7. In contrast, the ALJ identified several medical opinions supporting his conclusion. AR at 164-69. For example, the ALJ gave great weight to the opinions of the state agency consultants, especially Dr. Donovan, who carefully analyzed Plaintiff's mental health issues and concluded that any mental impairment was not of disabling proportions. Id. at 164 & 230; see also id. at 217-18 (Dr. James Mendelson opined that "[t]aking all things into consideration, […] while [Plaintiff] may have a mental impairment, it is not believed to be of disabling proportions" and that Plaintiff "remains capable of adequately participating in a variety of activities necessary for personal care, independent living, and reasonable social / avocational pursuits."); id. at 233 (Dr. Pamela Ombres opined that "[t]he initial decision was supported by the evidence in the file and this has not changed on reconsideration.").

Second, as noted by the ALJ, the longitudinal record supports the medical opinions and the ALJ provided a detailed analysis of the medical records and why they support his RFC determination. AR at 164-69. To establish his argument that the record supports "at least mild mental limitations", Plaintiff merely states

> [t]he record documents symptoms of mental slowing. AR 84. Objective testing by EEG in January 2019 evidenced mild focal slowing on the right temporal region of the brain. AR 93 and 124. Treatment records from a neuropsychological evaluation in July 2017 evidenced mental areas of reduced functionality. AR 168¶4. The record documents chronic pain for many years that interferes with

> activities of daily living. AR 703. Mr. Janko carries a diagnosis of a mood disorder due to a general medical condition. AR 706. Mr. Janko also suffers from the severe impairment of migraine headaches. *See* ALJ decision at step2. AR 163.

ECF No. 14 at 6. Plaintiff does not provide any medical opinion, legal authority, or substantive argument to support his position; he merely identifies a few individual records that *could* support a different conclusion than the one identified by the ALJ. This showing is insufficient to undermine the ALJ's determination. See Tunstall v. Berryhill, No. 1:17-cv-00922-BAM, 2019 WL 1170480 at *5 (E.D. Cal. Mar. 13, 2019) (citing Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (holding that "[t]he mere existence of an impairment is insufficient proof of a disability."))

Moreover, the records identified by Plaintiff do not support his position that there are mild mental impairments that limit his ability to work. For example, the EEG cited by Plaintiff—from 2017 not 2019—was followed up by a June 15, 2017 neuropsychological evaluation noting that Plaintiff was "[r]ecovering from the fact of high-dose benzodiazepines." AR 84. Similarly, in the July 2017 neuropsychological evaluation, Dr. Joanne M. Hamilton noted that "[a]s [Plaintiff] recovers from the effects of high dose benzodiazepines, his cognitive efficiency should continue to improve." Id. at 586. Neither of these opinions support Plaintiff's argument that he has mental limitations that impact his ability to work and should have been included in the RFC. With regard to Plaintiff's remaining statements regarding chronic pain, mood disorder, and migraine headaches, Plaintiff does not provide any information, analysis or medical support as to how these factors create mental limitations that impact Plaintiff's ability to work. Further, the medical records undermine some of Plaintiff's statements. For example, in March 2017, Dr. Tracy Chunyang Wang noted that Plaintiff's migraines had stabilized. Id. at 574. And, on May 24, 2018, Dr. Wang stated that since Plaintiff's last visit, he has shown "much improve[ment]" and reported feeling more like himself. Id. at 777-80. Similarly, on August 22, 2018, Dr. Bradley H. Chesler opined that Plaintiff appeared "alert, oriented, cognitive function intact, good eye contact, judgement and insight good, speech clear." Id. at 1009.

Third, Plaintiff admitted that his mental impairments, if any, did not impact his ability to work. Specifically, during Plaintiff's hearing before the ALJ, the ALJ inquired whether Plaintiff

has "any type of psychological or mental issues", Plaintiff responded in the negative, advising the ALJ that "No. [...] I dealt with some difficulty mentally after getting off of all those pharmaceuticals.  But I would say that's probably a normal occurrence." Id. at 183.  The ALJ observed that during the hearing, Plaintiff was "articulate and thorough in his discussion about the cause of his condition and provided a significant treatment history." Id. at 169.  Further, on May 25, 2018, Dr. Wang opined that Plaintiff was "[f]ollowing complex commands. Speech was intact to naming, repetition, fluency and comprehension. Normal attention.  Mini-mental status examination was intact." Id. at 783-84.

For the reasons set forth above, there is substantial evidence supporting the ALJ's decision to not include Plaintiff's mild mental limitations in the RFC.  The substantial evidence includes numerous medical opinions, significant amounts of medical tests and analyses, and Plaintiff's own statements.  In contrast, Plaintiff's arguments are mostly unsupported by facts and law and, at most, point to another theoretical determination the ALJ could have made. Parks v. Astrue, 304 Fed.Appx. 503, 506 (9th Cir. 2008) (upholding ALJ's determination that plaintiff's impairments were not severe, despite some medical opinions from examining psychologist finding mild functional limitations, because the ALJ's determination was supported by substantial evidence); see also Robles v. Saul, No. 1:20-cv-00081-SKO, 2021 WL 620671, at *3 (E.D. Cal. Feb. 17, 2021) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability in steps one through four of the analysis.")). Even if there was evidence supporting Plaintiff's arguments, the fact that there is substantial evidence supporting the ALJ's decision means the ALJ did not err and the Court must affirm the decision.  See Ahearn, 988 F.3d at 1115 (where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision).  Accordingly, the Court finds the ALJ did not err and that there is substantial evidence supporting the decision.

///
///
///

**II.  Whether the ALJ Erred by Not Including a Mental Limitation in the Hypothetical Questions to the Vocational Expert**

Plaintiff argues "[t]he ALJ erred in failing to include the mild mental limitations that he assessed in [] the hypothetical to the vocational expert." ECF No. 14 at 5.

A.  Relevant Law

When posing questions to a vocational expert, an ALJ need only include limitations supported by substantial evidence.  See Lundell v. Colvin, 553 Fed. Appx. 681, 684 (9th Cir. 2014) (ALJ did not err in assessing vocational evidence presented because the hypothetical question posed included only those limitations supported by substantial evidence) (citing Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir.2006) (discussing the standard for hypotheticals posed to vocational experts)); see also Salerno v. Astrue, 266 Fed.Appx. 570, 572 (9th Cir. 2008) (an ALJ is free to limit restrictions presented in the hypothetical to the VE if the decision to do so is supported by the evidence); see also Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989) (same).

B.  Analysis

Plaintiff argues that the ALJ erred in not including mental limitations in the hypotheticals posed to the vocational expert.  ECF No. 14 at 5.  However, as discussed above, the ALJ's decision to not include the mild mental limitations in the RFC was supported by substantial evidence in the record.  See supra I.B.  Because there is substantial evidence supporting the ALJ's determination that Plaintiff's RFC did not include any mental limitations, the ALJ did not err by choosing not to include any mental limitations in the hypotheticals posed to the vocational expert.[1]  Accordingly, the Court finds that the ALJ did not err in omitting mental limitations not supported by substantial evidence in the hypotheticals posed to the vocational expert.  See Sisco v. Colvin, No. 13-cv-1817-LHK, 2014 WL 2859187, at *8 (N.D. Cal. Jun. 20, 2014); see also Magallanes, 881 F.2d at 756-57 (holding that an ALJ may limit hypotheticals to restrictions

---

[1] The Court notes that Plaintiff's counsel questioned the VE about situations in which a person had limitations due to pain from nerve damage, nausea, and vomiting but did not ask the VE any questions about mental limitations.  AR at 205-06.

supported by substantial evidence on the record).

## CONCLUSION

Based on the above, the Court **DENIES** Plaintiff's request to reverse and remand the ALJ's decision, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: 9/17/2021

Hon. Barbara L. Major
United States Magistrate Judge